IN THE

# SUPREME COURT

OF

# NEW JERSEY.

## NOVEMBER TERM, 1790.

[39]    DENN, LESSEE OF INSKEEP, v. LECONY.

1. The judge before whom the special jury was to be struck, at the suggestion of plaintiff's counsel, altered the list, by excluding some whose names had originally been placed on it, but who were unquestionably improper to try the cause; *held*, that though such an act may be objectionable, yet as it does not impeach the fitness of the jury returned, it constitutes no valid ground to challenge the array.

2. A deed from sheriff of Burlington was offered in evidence; *held*, that the non-producion of a *fi. fa.* in Gloucester, to warrant the *testatum* in Burlington, is not a sufficient failure of proof to incur a non-suit—the defect may be supplied at any time.

3. The *fi. fa.* in Gloucester was only against goods; *held*, that it warranted a *testatum* against lands.

4. An inspection of judgment roll and *fi. fa.* not necessary, in Supreme Court, unless for the purpose of recording process.

5. It is not necessary to show there was a deficiency of personal estate to warrant a sale of real property.

6. The *testatum* appeared to be tested out of term; *held*, that it was amendable.

7. Fraud is sometimes a question of law, and sometimes of fact. If the sheriff and the purchaser at his sale act fraudulently in the disposal of property, such sale is absolutely void.

8. If sheriff alone acts fraudulently, such misbehavior ought not to prejudice an innocent purchaser.

46

This was an action of ejectment, tried at bar. On the trial, the following questions arose and were adjudged by the court:

1. *Read,* on behalf of Lecony, challenged the array, alleging that it had been made at the nomination of the plaintiff's counsel. It appeared the judge before whom the jury was struck, made out the list of special jurors, containing the names of forty-eight persons. When the parties appeared to strike, the counsel for Inskeep objected to three or four of the jury ; and the judge, being of opinion that they should not have been placed upon the list, altered it before striking, and the parties then proceeded to strike the jury in the usual manner.

*Stockton* insisted that this was an illegal interference on the part of the plaintiff, who should not be allowed, on any account, or in any degree, to alter the list of jurors.

*Leake,* contra, cited 3 *Bl. Com.* 357, 8 ; 3 *Bac. Abr.* 745.

KINSEY, C. J. It is clear the persons whose names were struck out were improper ; and though I cannot approve of these challenges, made out of court in this extra-judicial manner, yet as the objection does not, in the slightest manner, impeach the fitness of the jury impannelled, or suggest the idea of any injurious consequences to the defendant, I do not think the challenge can be supported.

SMITH, J., assented.

CHETWOOD, J., *hesitante.*

[40] The plaintiff's title was founded upon a deed from the sheriff of Burlington county, made to Inskeep. The property had been sold by virtue of an execution issued in Burlington, (upon a judgment obtained in Gloucester,) against the goods and lands of the father of defendant, now deceased.

After the plaintiff's counsel had rested, defendant moved for a non-suit on the following grounds :

1. That no *fi. fa.* in Gloucester county had been shown, to warrant the issuing a *testatum*, under which the lands lying in Burlington had been sold by the sheriff; there is nothing but an entry on the minutes of this *fi. fa.*, without which, all the subsequent proceedings were void, and no title could be acquired by the plaintiff under the sale by the sheriff.

2. The original in Gloucester was only against goods, without mentioning lands, and therefore an insufficient foundation for the *testatum* under which real property has been sold.

3. There is no inspection of the judgment roll and *fi. fa.*, which is required on a judgment in the Supreme Court.

4. It has not been made to appear that there was not sufficient personal estate in Burlington to satisfy the execution, and lands are not liable to be seized unless there be such deficiency of personal property.

5. The *testatum* writ of execution under which this property was levied upon, is tested out of term, being dated the 24th, when it appears the court rose on the 21st, and is therefore insufficient to warrant the sheriff in proceeding under it.

The court overruled the motion on all the points. As to the first, they held the original to be a matter of course, which may be supplied at any period, even after a motion made to vacate the *testatum* for the want of it. *Barnes* 200 ; *Burdus* v. *Satchwell, Ibid.* 208 ; *Smith* v. *Phripp, Ibid.* 209 ; *Sweetapple* v. *Atterbury, Ibid.* 211 ; *Palmet* v. *Price,* 2 *Salk.* 589.

As to the second point, they held that a *fi. fa.* against goods warranted the *testatum* against lands, which were put upon the same footing, (*All. N. J. Laws* 129, § 1,) and equally liable to be taken in execution.

[41] The third point seemed somewhat dubious under the 15th section of the Practice act, but upon consideration it was held that the words used were not designed to make the inspection necessary in the Supreme Court, but related to the recording of proceedings there.

The fourth reason assigned is of no kind of weight.

The fifth—the error pointed out here is clearly amendable. *Wright* v. *Macevoy, Sayer* 12.

In the charge to the jury, which was assented to by the court, the Chief Justice stated these positions—

That fraud was sometimes a question of law and sometimes of fact. See *Ward* v. *Center,* 3 *Johns.* 171. If the jury are satisfied from the evidence, that the sheriff and Inskeep acted fraudulently in the sale of the premises, they should not be allowed to reap any benefit from such a transaction ; and the plaintiff ought not to recover against the defendant, who was the heir at law.

If, however, the sheriff acted improperly, without any participation on the part of Inskeep in the fraud, no irregularity or impropriety in which he was not concerned, and with which he was unacquainted, ought to prejudice his rights, or vitiate the deed to him as the purchaser.

CITED *in Ex. of Simmons* v. *Vandegrift, Saxt.* 61 ; *Den* v. *Tomlin,* 4 *Harr* 82.